T.C. Summary Opinion 2004-96

UNITED STATES TAX COURT

MOTI G. BIJLANI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5850-02S.                    Filed July 26, 2004.

Moti G. Bijlani, pro se.

<u>Robert W. Mopsick</u>, for respondent.


PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $1,354 in petitioner's 1999 Federal income tax, and an addition to tax of $135 under section 6651(a)(1).

The issues for decision are: (1) Whether petitioner, a nonresident alien, is entitled to claimed Schedule A deductions, and (2) whether petitioner is liable for an addition to tax under section 6651(a)(1).

Some of the facts in this case have been stipulated and are so found. Petitioner resided in North Bergen, New Jersey, at the time he filed his petition.

Section 7491(a) does not apply because petitioner did not satisfy the requirements of that section. The burden of proof remains on petitioner. Rule 142(a).

During 1999, petitioner, a British citizen, was a nonresident alien in the United States. Petitioner owned rental real property (rental property) in Union City, New Jersey. Petitioner was a tenant stockholder of a cooperative housing corporation (co-op) in North Bergen, New Jersey, where he resided in 1999 while in this country.

Respondent received petitioner's 1999 Form 1040NR, U.S. Nonresident Alien Income Tax Return, on June 12, 2001. On his Form 1040NR, petitioner reported net income of $13,729 from his rental property (rental income) and $501 from taxable interest. He showed a "zero" tax due on his Form 1040NR.

On Schedule A, Itemized Deductions, attached to his Form 1040NR, petitioner claimed "Other Miscellaneous Deductions", pertaining to his co-op, in the amount of $9,336 (rounded). On his Schedule A, petitioner listed the breakdown of these deductions as real estate taxes of $1,920.16, mortgage interest of $215.77, and "incurred expenses of $7,200 including companionship" totaling $9,335.93. Respondent denied petitioner's claimed deductions in full.

Section 873(a) provides, in relevant part, that "In the case of a nonresident alien individual, the deductions shall be allowed only for purposes of section 871(b) * * * if * * * they are connected with income which is effectively connected with the conduct of a trade or business within the United States". Respondent in the notice of deficiency determined that petitioner's rental income was effectively connected with the conduct of a business within the United States.

The claimed Schedule A deductions pertain to petitioner's co-op. Petitioner admitted that he resided in his co-op while he was in the United States during 1999. Petitioner claimed that he managed his rental property from his co-op. Petitioner paid $401.50 per month to the co-op for mortgage and maintenance fees for a total of $4,818. Petitioner admitted at trial that the $2,382 difference between the $7,200 claimed deduction and the $4,818 in co-op mortgage and maintenance fees was for telephone

bills, electric bills, and other living expenses.  After trial, the record was reopened and petitioner submitted a document showing real estate tax expenses of $1,920.16 and mortgage interest expense of $215.77.

We find that petitioner did not prove that any of the claimed Schedule A deductions pertaining to his co-op were attributable to the management of his rental property.  Unfortunately for petitioner, his personal expenses incurred in connection with his co-op, where he resided, are nondeductible personal living expenses.  Sec. 262(a).  We do not address the restrictions under section 280A because this section was not raised at trial.  Petitioner would be well advised to consult a United States tax expert before filing future nonresident returns.

On this record, we have no choice but to conclude that petitioner has not established his entitlement to the claimed Schedule A deductions.  Accordingly, we sustain respondent's determination on this issue.

Section 6651(a)(1) imposes an addition to tax for failure to timely file a tax return, unless the taxpayer established that failure to do so is due to reasonable cause and not willful neglect.  The taxpayer must prove both reasonable cause and lack of willful neglect.  Crocker v. Commissioner, 92 T.C. 899, 912 (1989).  "Reasonable cause" requires the taxpayer to demonstrate

that he exercised ordinary business care and prudence.  United States v. Boyle, 469 U.S. 241, 246 (1985).  Willful neglect is defined as a "conscious, intentional failure or reckless indifference."  Id. at 245.

Petitioner did not file his 1999 tax return until June 12, 2001.  Respondent has satisfied his burden of production with respect to the addition to tax under section 6651(a)(1).  Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 447 (2001).

Although we sympathize with petitioner's health problems, petitioner provided no evidence that his failure to timely file his 1999 tax return was due to reasonable cause and not willful neglect.  Therefore, we conclude that petitioner is liable for the addition to tax under section 6651(a)(1) for taxable year 1999.

Contentions we have not addressed are irrelevant, moot, or without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.